## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KATHRYN MURPHY,**

      **Plaintiff,**

                                    **CASE NO.:**

**v.**

**WELBILT, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KATHRYN MURPHY, by and through undersigned counsel, brings this action against Defendant, WELBILT, INC., and in support of her claims states as follows:

## NATURE OF THE CLAIMS

1.      This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.      Venue is proper in the Middle District of Florida, because Defendant operates its business in this district.

## THE PARTIES

4.      At all times material hereto, Plaintiff was a resident of the State of Florida.

5.      At all times material hereto Defendant transacted business and performed services in this Judicial District.

## GENERAL ALLEGATIONS

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the ADA and FCRA, and retaliated against Plaintiff for attempting to exercise these same rights.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

8.      At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADA.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

11.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

12.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.     Plaintiff began working for Defendant on April 2018 as Director of Talent Management.  Her position later changed to Director of Talent Management and Global Functions in September 2018 and she worked in this capacity until January 2019.

14.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more

2

major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

15.     Plaintiff continues to suffer from the aforementioned physical or mental condition.

16.     At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

17.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

18.      Before Defendant began her full-time position with Defendant, Plaintiff notified Defendant of her condition.

19.     On or about September 2018, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested an ergonomic chair and time off to attend physical therapy sessions.

20.     Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodations.

21.     Defendant denied Plaintiff's request for accommodations, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

22.     By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

23.     On or about January 21, 2019, Defendant terminated Plaintiff's employment because of her disability, and in retaliation for Plaintiff engaging in a protected activity.

## <u>COUNT I – ADA VIOLATION</u>
### (DISABILITY DISCRIMINATION)

24.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

25.     Plaintiff is a member of a protected class under the ADA.

26.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

27.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff reasonable accommodations that would have permitted her to perform all of the essential functions of her job with Defendant.

28.     Defendant's actions were willful and done with malice.

29.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter an injunction restraining continued violation of the ADA;

4

d)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

30.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

31.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

32.     Defendant failed to provide Plaintiff with reasonable accommodations for her disability, and shortly thereafter terminated her employment.

33.     Defendant's actions were willful and done with malice.

34.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issues and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of  law enumerated herein;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained;

i)     All costs and attorney's fees incurred in prosecuting these claims; and

j)     For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

35.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

36.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

37.     Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

38.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

39.     Defendant's actions were willful and done with malice.

40.     The adverse employment action that Defendant took against Plaintiff was material.

41.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)     That this Court enter an injunction restraining continued violation of the ADA;

e)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

42.      Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

43.      Plaintiff is a member of a protected class under the FCRA.

44.      Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

45.      Defendant's actions were willful and done with malice.

46.      Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

47.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

48.    Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

49.    Defendant failed to provide Plaintiff with reasonable accommodations for her handicap, and shortly thereafter, terminated Plaintiff's employment.

50.    Defendant's actions were willful and done with malice.

51.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

9

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of the law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

52.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

53.    Plaintiff is a member of a protected class under the FCRA.

54.    Plaintiff engaged in protected activity under the FCRA by requesting accommodations.

55.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

56.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff reasonable accommodations that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

57.     Defendant's actions were willful and done with malice.

58.     Defendant took material adverse action against Plaintiff.

59.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)     Front pay;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of November, 2019.

Respectfully submitted,

/s/  Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorney for Plaintiffs**